UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EURYIA DIABLO MOBLEY,

        Plaintiff,

v.                            Case No. 8:07-cv-2224-T-17TGW

STEVEN THURMAN, ADAM WOGAMAN,
TERESA GRIENER, GREG HATTLE,
In their individual capacities, et. al. and
personal liabilities,

        Defendants.

_____

## O R D E R

Pro se Plaintiff Euryia Mobley filed a 42 U.S.C. § 1983 civil rights complaint alleging to claims of constitutional violation:

    **Claim One:**  Violation of Plaintiff's/arrestee's 4th Amendment rights under the Constitution for: Warrantless Entry, Warrantless Search, Warrantless Arrest under color of law;

    **Claim Two:**  Violation of Plaintiff's/arrestee's 14th Amendment

>           right under U.S. Constitution for depriving
>           Plaintiff of life, liberty, property for failure to
>           prevent Plaintiff's dogs from being killed.

In support, Mobley claims:

      Steven Thurman, a public official, Adam Wogaman, a public official, Teresa Griener, a public official, and Greg Hattle, a public official, on November 16, 2004, at the location of 8718 N. Brooks St. Tampa, Fla. 33604. [sic] While at all the times relevant herein were individuals public officials acting under color of states law did deprive Plaintiff of Constitutional rights guaranteed by U.S. Constitution Amendments (4) Fourth and (14) Fourteenth Amendments [sic]. On 11-16-04 Plaintiff/Arrestee while sleeping inside of his residence at the above location was awaken by the loud barking of his dogs. Once the Plaintiff exited his bedroom inside residence he was confronted by defendants S. Thurman, A. Wogaman, T. Greiner, and G. Hattle standing in the hallway and living room area with their weapons drawn on Plaintiff. Plaintiff was then tackled an [sic] handcuffed by defendant S. Thurman then removed from the residence to a waiting police vehicle then driven to another location. While at the second location about thirty minutes after Plaintiff's arrest at home, defendant A. Wogaman advised the Plaintiff that a search was conducted by defendant S. Thurman back at the residence and that a weapon was discovered with approximately 2 inches of the butt sticking out of a make-up-bag from out of the bathroom area under the sink area of the residence. The contends [sic] of the Plaintiff is that the defendants S. Thurman, A. Wogaman, T. Griener, and G. Hattle while "acting under the color of state law" conducted a warrantless entry into his residence to make an [sic] warrantless felony arrest without any of the required exception to the warrant requirement to be able to legally make a felony arrest within the home. With the exception being consent, "from the contract lease holder," search, warrant, exigent circumstances etc. The Plaintiff also contends that the laws of the U.S. Constitution Fourth and Fourteenth Amendments were well established at the time of the events described therein.

      Moreover, the defendants S. Thurman, A. Wogaman, T. Griener, and G. Hattle on 11-16-04 contacted the Hillsborough County Animal service to have all three of the Plaintiff's personal property (dogs) removed from the premises without given [sic] the Plaintiff notice of their intent to do so. The defendants failed to prevent the Animal Services from putting Plaintiff's dogs to sleep in only sixteen days from the day of his arrest and seizure of his dogs. On 12-2-04 Plaintiff found out that his personal property had been destroyed by the animal services. However, Plaintiff contends these defendants could've prevented this from happening to his dogs but they failed to act accordingly when they turned Plaintiff's dogs over to Hills. County

Animal Services on 11-16-04.

Plaintiff seeks money damages and costs.

### Discussion

Mobley is precluded from bringing this Civil rights action complaint under 42 U.S.C. § 1983 pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994); and Mobley's Complaint fails to state a cause of action for a violation of the Fourteenth Amendment.

### Standard for Motion To Dismiss

When considering a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. *Hill v. White*, 321 F. 3d 1334, 1335 (11th Cir 2003); *Jackson v. Okaloosa County, Fla.*, 21 F. 3d 1531, 1534 (11th Cir. 1994). A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a Court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment. This is because such documents are capable of accurate and ready determination. *Makro Capital of America, Inc. v. UBS AG,* 372 F. Supp.2d. 623, 627 (S.D. Fla. 2005) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271,

1279-80 (11th Cir. 1999)); *Broward Garden Tenants Ass'n. v. E.P.A.*, 157 F.Supp.2d 1329, 1335 n. 8 (S.D. Fla. 2001); *Universal Express, Inc. v. SEC,* No. 05-13142, 2006 WL 1004381, 1-2 (11th Cir. 2006).

Thus, the Court may take judicial notice of documents filed in other judicial proceedings, without converting a motion to dismiss to a motion for summary judgment, for the limited purpose of recognizing the subject matter of the litigation and/or issues decided. *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n. 11 (11th cir. 1995); *In re Delta Resources, Inc.*, 54 F.3d 722, 725 (11th Cir. 1995); *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994).

Here, the Court takes judicial notice of the Clerk of Court for the Thirteenth Judicial Circuit's progress docket which shows that the Plaintiff entered a plea of guilty on March 16, 2005 and was found guilty on March 16, 2005 of offenses which stemmed from his November 16, 2004 arrest.[1]

Mobley filed a Civil Rights Complaint under 42 U.S.C. §1983 against Officer Steven Thurman (individually), Officer Adam Wogaman (individually), Officer Teresa Greiner (individually), and Officer Greg Hattle (individually) which alleges that the Defendants violated his Fourth and Fourteenth Amendment constitutional rights.

Mobley alleges he was confronted at his residence in Tampa on November 16, 2004 by Officers Thurman, Wogaman, Greiner and Hattle ("the officers"). Mobley alleges that the officers had no legal reason or authority to be in his home at the time he encountered them. Mobley alleges that the officers made an unlawful warrantless entry into his home,

---

[1] See Hillsborough County Case Number 04-CV-20319 (Corruption by threat and resisting arrest without violence) and Hillsborough County Case Number 04-CF-21576 (Felon in Possession of a Firearm).

awakened him, tackled and ultimately arrested him. Mobley further alleges that after being transported from the scene; he learned that a gun was found in the bathroom during an illegal search of his home by the officers. The unlawful arrest and search led to Mobley's arrest and prosecution and therefore caused damages. Mobley was further damaged because his dogs were taken by Hillsborough County Animal Control and destroyed in December 2004. Mobley alleges that the officers violated his Fourth and Fourteenth Amendment rights on November 16, 2004 by all of their actions. The Plaintiff is seeking monetary damages for redress of these alleged constitutional violations.

CLAIMS HAVE NOT ACCRUED UNDER HECK V. HUMPHREY

Mobley has been convicted of charges which stemmed from his November 16, 2004 arrest. Mobley entered a plea to the charges stemming from his arrest and was found guilty after a trial of other charges that stemmed from the same November 16th arrest. The Plaintiff now seeks review by this federal court of the constitutionality of the entry into his home and the search and seizure that occurred on that date pursuant to 42 U.S.C. section 1983. Mobley's success in this forum would necessarily implicate the invalidity of the charges for which he has already admitted guilt (or been found guilty of) and received a sentence. This claim is precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, the Plaintiff is precluded from bringing a § 1983 claim for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he shows that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254". In order

to determine if a claim is *Heck* barred, the court must assess the factual basis for the claim to determine if the factual basis undermines the validity of the conviction. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Here, Mobley's claims clearly undermine his conviction because his claims, if true, demonstrate that there could be no convictions if the officers had not violated his rights as Mobley alleges.

Therefore, in order to proceed on these claims that would necessarily invalidate the Plaintiff's convictions; the Plaintiff's convictions must be reversed or invalidated in some way to meet Heck's procedural bar. Mobley's convictions in case numbers 04-CF-20319 and 04-CF-21576 have not been reversed on direct appeal.[2] The aforementioned convictions also have not been declared invalid by the state tribunal. Therefore, Mobley'S Fourth Amendment claims have not yet accrued.

### NO CAUSE OF ACTION UNDER THE FOURTEENTH AMENDMENT

Mobley alleges that his Complaint shows that there was a violation of his Fourteenth Amendment Due Process rights. However, the law is clear that "[t]here is no substantive due process right to be free from investigation, arrest, or even prosecution on less than probable cause". *Albright v. Oliver*, 510 U.S. 266, 268 (1994) Therefore, Defendants' motion to dismiss directed to this allegation of a constitutional violation will be granted.

Accordingly, the Court orders:

1. That Mobley's *Heck* claims are dismissed without prejudice, as the claims have not yet accrued.

2. That Defendants' motion to dismiss Mobley's Fourteenth Amendment claims (Doc.

---

[2] 2DCA.org reflects that there is one 2DCA case number that relates to these underlying offenses 2D05-1674 and that conviction was affirmed on March 3, 2006.

No. 12) is granted.

The Clerk is directed to enter judgment against Mobley and to close this case.

ORDERED at Tampa, Florida, on March 10, 2008.

*[signature]*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Euryia Diablo Mobley